IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **Dongguan Pineapple Protection Co., Ltd.,**<br><br>            **Plaintiff,**<br>   v.<br><br>**EZ-GLAZ Global Store,**<br>**IGluz, and**<br>**Mohave protection,**<br><br>            **Defendants.** | **Civil Action No. 1:25-cv-_____** |

## COMPLAINT

Plaintiff Dongguan Pineapple Protection Co., Ltd. ("Plaintiff"), by its undersigned counsel, hereby brings the present action for patent infringement, against EZ-GLAZ Global Store, IGluz, and Mohave protection ("Defendants").

## THE NATURE OF THIS ACTION

1. Plaintiff brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of the claims of U.S. Patent No. 11,745,487 ("the '487 Patent" (*see* Exhibit A)), entitled "Sticking Film, A Film-Sticking Tool and A Film-Sticking Assembly", issued to Sheng Jie Zhou, who assigned his rights in the '487 Patent to the Plaintiff in an assignment dated and recorded at Reel/Page: 060703/0054 with the Patent Office on August 3, 2022 (*see* Exhibit B).

## THE PARTIES

2. Plaintiff is a Chinese company with a principal place of business at No. 3 South 6th Street, Xiangmang West Road, Fugang Village, Qingxi Town, Dongguan, Guangzhou

Province, P.R. China. Plaintiff is the sole owner of the '487 Patent and sells its patented sticking film assembly to consumers in the United States, including those in the State of Virginia.

3. The Defendants are seller stores on Amazon.com, and the entities that own the seller stores are all believed to reside in a foreign jurisdiction, namely China. Defendants sell infringing sticking film products ("Accused Products") on the Amazon.com platform to consumers in the United States and in Virginia through interstate commerce (*see* Exhibit C). Defendants' Accused Products infringe the '487 Patent and are in direct competition with Plaintiff's patented sticking film assembly. A list of Accused Products sorted by Defendant and each Defendant's Amazon.com product numbers are included in Exhibit D.

4. Since the Amazon.com retail platform does not require the true names and contact information of sellers to be posted publicly, sellers may publicly use fictitious names and the public seller names used on online retail stores are unreliable.

5. Defendants conduct their operations through fully interactive commercial websites hosted on the Amazon.com Internet retail platforms' storefront webpages ("Infringing Webstore"). The Defendants target consumers in the United States, including those in the State of Virginia, and have offered to sell and, on information and belief, has sold and continues to sell Accused Products that practice the claims of the '487 Patent to consumers within the United States, including those the State of Virginia and the Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system for delivery by an Amazon Prime delivery vehicle in this district.

6. Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as

alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their assets so as to evade any enforcement of potential Court Order with damage award to Plaintiff for infringing the '487 Patent. Moreover, Defendants may also conceal the full scope of their infringing operation in an effort to deter Plaintiff from learning Defendants' true scope of patent infringement and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. §§ 1338(a) and 1331.

8. This Court has personal jurisdiction over Defendants, and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants are non-U.S. entities, located in China, and have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in Virginia, including by providing Accused Products and services to the residents of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within Virginia and have solicited business from the residents of Virginia using the Amazon.com e-commerce platform.

9. Alternatively, this Court has personal jurisdiction over these non-U.S. based

Defendants because they have supplied the Accused Products into commerce in the United States and this district and under the Federal Long Arm Rule, FRCP 4(k)(2):

> 4(k) Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

10. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against a non-U.S. based Defendant as well as any judicial district in any state to which it is subject to personal jurisdiction.

## BACKGROUND AND GENERAL ALLEGATIONS

11. Plaintiff's commercial sticking film products that are protected by the '487 Patent are the result of significant investment and resources on the R&D of new sticking film assembly for cleaning and applying the protective tempered glass over the screens of electronic devices. If there are many dust particles on the screen, it is easy to damage the screen and affect its performance due to friction between the dust and the screen during wiping, and the patented sticking film assembly overcame this challenge with a new type of film, film tool, and film component as claimed in the '487 Patent. The core innovative design of Plaintiff's sticking film lies in the improvement of the conventional release film layer into an electrostatic layer. When applying the film, the release film layer separates from the tempered film layer, and the side of the release film layer that is attached to the tempered film generates static electricity, which can

efficiently absorb dust on the screen while applying the protective film to the screen.

12. The Plaintiff's R&D efforts result in Plaintiff's commercial success in marketing and selling its patented sticking film assemblies to consumers in the United States. Plaintiff's sticking film assemblies sold under the '487 Patent have attractive designs and use for protective films, and their popularity attracts counterfeiters like the Defendants.

13. Soon after Plaintiff's successful launch of its sticking film assembly products, Defendants introduced the Accused Products, an identical/nearly identical copy of Plaintiff's sticking film assembly, to undercut Plaintiff's sales. The '487 Patent was granted on September 5, 2023, and, on information and belief, the Defendants' product listings on Amazon.com began approximately 13 months ago from the current date, which is well after the grant of the '487 Patent.

14. Specifically related to this action, as related to its product launch to sell into the United States, Plaintiff applied for the '487 Patent at the U.S. Patent and Trademark Office. Plaintiff directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiff's Products"), sticking films for mobile phones that are commercial embodiments made under the '487 Patent. As a result of the success of Plaintiff's Products, Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed the Defendants to import, offer to sell, or sell products made according to the claim of the '487 Patent.

15. Plaintiff maintains quality control standards for all of its products sold under the '487 Patent. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers through online sales platforms such as Amazon.com. Prior to the flood of Accused Products entering

the market, sales of Plaintiff's film products via legitimate webstores represented a significant portion of Plaintiff's business.

16. After the Accused Products from the Defendants flooded the market beginning on or about August, 2024, Plaintiff's sales have been severely and irreparably damaged by Defendants' counterfeits. For its seven products on the Amazon.com market sold under the store name MRGLAS Direct, Plaintiff's net unit sales have decreased between 66% and 96%, and net sales have decreased between 64% and 94% from January, 2025 to September, 2025. (S*ee* Exhibit E.)  Plaintiff has had to lower its retail prices on its film products for five of its seven products between seven and nine percent since January 1, 2025.  During that period, one product's retail price stayed the same and one other increased by 4%.  *Id*.

17. Upon information and belief, the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce platforms. For example, seller on Amazon.com purchases Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores.

**THE PATENT**

18. The '487 Patent was duly and legally issued on September 5, 2023 by the United States Patent and Trademark Office. The '487 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '487 Patent and has the right to bring this suit for injunction and damages, including the right to sue and recover all past, present, and future damages for infringement of the '487 Patent. The Defendants are not licensed to the '487 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '487 Patent whatsoever.

19. The '487 Patent is presumed valid under 35 U.S.C. § 282.

20. The claims of the '487 Patent are directed to a sticking film. One embodiment of a sticking film shown in Figure 8 is copied below.



FIG.8

21. The specification of the '487 Patent describes the embodiment as having a pulling portion 130 disposed on the release film layer 202. A protective layer 440 covers the tempered film 201 on a side away from the sticking surface of the tempered film 201. The release film layer 202 is attached to the tempered film 201 and removed through the pulling portion 130. *See* Exhibit A.

## INFRINGEMENT

22. Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, claims 1-14 of the '487 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

23. Exhibit F includes representative claim charts of one sticking film product from each Defendant's Accused Products. The charts are submitted to show how each element of claim 1 reads on Defendants' Accused Products either literally or under the doctrine of equivalents. Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement

contentions. Plaintiff contends that each of the Defendant's other Accused Products infringe the '487 Patent in the same manner as the products charted in Exhibit F.

24. Defendants have infringed, and continue to infringe, the claims of the '487 Patent under 35 U.S.C. § 271(a) making, using, offering to sell, selling and/or importing into the United States, Accused Products, which infringe the asserted claims, in the United States. Defendant continues to manufacture, use, offer to sell, sell, and import Accused Products.

25. Upon information and belief, Defendant has directly infringed the claims of the '487 Patent under 35 USC §271(a) by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States.

26. Defendants do not have a license or authority to import, make, use, offer to sell, or sell goods under the '487 Patent. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

27. Plaintiff has marked products sold under its patent with notices of the '487 Patent.

28. As a result of Defendants' infringement of the '487 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

29. Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the '487 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. The Infringing Webstores offer shipping to the United States, including Virginia and, on information and belief, Defendants have sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com.

30. The Defendants have been willfully infringing the '487 Patent since at least as

early as they each became aware of the patent. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

31. Many sellers on Amazon.com go to great lengths to transfer their sales proceeds out of the jurisdiction of the any Court in the United States. Upon information and belief, Defendants constantly transfer their sale's proceeds out of the United States, either weekly or biweekly. Defendants regularly create new Webstores on the Amazon.com platform using fictitious seller identities, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by Amazon sellers to conceal their assets and to evade the execution of any judgment award from U.S. Courts for intellectual property infringement. Upon information and belief, Defendants conceal their assets and will continue to conceal their assets for the purpose of evading any damage award by a U.S. Court for patent infringement, unless preliminarily and permanently enjoined.

32. Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Infringement of United States Patent No. 11,745,487 )
### [35 U.S.C. § 271]

33. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

34. Plaintiff is the sole owner of the '487 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '487 Patent against infringers, and to collect damages for all relevant items.

35. Defendants have, either alone or in concert, infringed directly or by the doctrine of equivalents, and continue to directly infringe, the claims of the '487 Patent by making, using, offering to sell, selling and importing the Accused Products in the United States in violation of

35 U.S.C. § 271(a).

36. As evidenced in the claim charts of Exhibit F, the Accused Products from Defendants meet each and every element of the '487 Patent claims, either literally or via doctrine of equivalents.

37. Defendants' infringement of the '487 Patent is willful as the Accused Products are copies of the Plaintiff's patented sticking film assembly.

38. As a result of Defendants' infringement of the '487 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

39. As a direct and proximate consequence of Defendants' infringement of the '487 Patent, Defendants have caused substantial monetary loss and irreparable harm and damage to Plaintiff, its business, its reputation and impairment of its valuable rights in and to the '487 Patent. Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff through infringement Plaintiff's rights to the '487 Patent. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

A. A judgement that Defendants' acts constitute patent infringement under the cause of action asserted in this Complaint;

B. An order preliminarily, and a judgment permanently, enjoining and restraining Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with Defendants pursuant to 35 U.S.C. § 283, from:

   i. infringing any claim of the '487 Patent; and

      ii.    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C. A judgment requiring Defendants to, at Defendants' expense, withdraw from the market, account for, and properly destroy any and all Accused Products;

D. A judgment requiring that Defendants pay Plaintiff all of their damages caused by Defendants' unlawful acts with prejudgment and post-judgement interest, as well as post-trial damages for any ongoing infringing acts;

E. A judgment awarding Plaintiff its reasonable attorneys' fees, costs, disbursements, and interest, as provided by law, including as provided by 35 U.S.C. § 285;

F. A judgment awarding Plaintiff a complete accounting of all revenue and profits derived by Defendants from the unlawful conduct alleged herein;

G. Such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims so triable.

Date: October 9, 2025                                  Respectfully submitted,

  /s/    Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*